## McCAULEY v. CITY OF PHILADELPHIA.

(District Court, E. D. Pennsylvania. June 12, 1902.)

### No. 17.

1. NAVIGABLE WATERS—OBSTRUCTIONS—LIABILITY OF CITY.

    A city, although charged by statute with the duty of keeping the channels of navigable streams within its limits free from obstructions, cannot be held liable for injuries caused by a sunken wreck, where the owners had contracted with a wrecking company to raise the vessel, and the company was prosecuting the work with diligence, using such appliances as were in common use for the purpose, and apparently, even in the opinion of experts, with prospect of success, although the attempt ultimately resulted in failure.

On Rehearing. For former opinion, see 103 Fed. 661.

John F. Lewis and Horace L. Cheyney, for libelant.

Chester N. Farr, Jr., for respondent.

J. B. McPHERSON, District Judge. The decree dismissing the libel in this case ([D. C.] 103 Fed. 661) was set aside in order to permit further testimony to be taken concerning the alleged incompetency or want of diligence on the part of the wrecking company. The witnesses have now been heard and a rehearing has been had, but I see no reason to change the former finding, that negligence on the part of the city has not been established. I have no doubt that the master warden and the board of port wardens had actual knowledge that the wreck existed, and that efforts were being made to remove it. Assuming their knowledge to be the knowledge of the city, what steps should have been taken? It is easy to look back upon

the wrecking company's failure to remove the hulk, and from this point of vantage to see that failure was probably certain from the first. But this is not the standard by which the city's conduct should be measured. If the duty of the city to remove such obstructions has not been affected by the act of congress of 1880 (1 Supp. Rev. St. 296), undoubtedly it was bound to watch the work that was being done, and to use due care to see that it was prosecuted with diligence and with proper appliances. What should such care have disclosed? It would have shown men in charge of the work who are conceded to have been competent, using the only kind of appliances that were then available in this port, prosecuting the task daily, apparently having some success in changing the position of the hulk, twice defeated by floods in the river and obliged to begin again, but evidently believing that the work could be done in the end, and continuing their efforts with perseverance and tenacity. It is impossible to believe that the wrecking company would have spent money and labor day after day for several months upon a task which they knew after a week or two was hopeless,—indeed, from the libelant's point of view, was even absurd. It did not seem either hopeless or absurd to the United States engineer stationed at this port; for in October, 1893, after his 30 days' notice under the act of congress had expired, he recommended that a further period of 30 days should be granted upon the representation of the wrecking company that the work would be accomplished in that time. Surely it is asking too much of the city to require it to be wiser than these experts, and to perceive then what may perhaps be plain enough now, after the fact has become known, namely, that the wrecking company had overrated its ability to do this particular piece of work. I agree with the following proposition, quoted from the brief of counsel for the city, concerning the obligation resting upon the municipality:

"Where the work by private parties is being carried on diligently and continuously, and with evident good faith as to its ultimate effectiveness, the city is not required to be astute in determining, as a matter of expert judgment, whether or not such work is being done on a proper system or with proper appliances, when the appliances and system are such as are in common use for the purpose of raising and removing wrecks, nor in determining whether or not, under the method so adopted, the work can be carried to a successful issue."

A decree may be entered dismissing the libel, with costs.